UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KIRK M. H.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-54 |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of the decision of the Commissioner filed by the plaintiff, Kirk H., proceeding *pro se*, on February 7, 2023. For the following reasons, the decision of the Commissioner is **REMANDED**.

*Background*

The plaintiff, Kirk H., filed an application for Disability Insurance Benefits and Supplemental Security Income on July 22, 2019, alleging a disability onset date of December 31, 2012. (Tr. 347-353). The Disability Determination Bureau initially denied Kirk H.'s application. (Tr. 198). After reconsideration, it was determined that Kirk H. had been disabled since July 22, 2019, due to peripheral neuropathy and that he was entitled to receive supplemental security income. (Tr. 198, 212). However, Kirk H.'s application for disability insurance benefits was denied because he failed to meet the insured status requirements of sections 216(i) and 223 of the Social Security Act. (Tr. 209).

Kirk H. subsequently filed a timely request for a hearing on the denial of disability insurance on January 4, 2022. (Tr. 10). A hearing was held via telephone in May 2022, before

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.

Administrative Law Judge (ALJ) William D. Pierson. (Tr. 43-81). Vocational Expert (VE) William Kiger testified during the hearing. (Tr. 76-79). On June 2, 2022, the ALJ issued an unfavorable decision finding that Kirk H. was not disabled during the relevant period and that he was not entitled to social security disability insurance. (Tr. 16-31). The Appeals Council denied review making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3).

At step one of the five-step sequential analysis for determining whether an individual is disabled, the ALJ found that Kirk H. had a continuous 12-month period in which he did not engage in substantial gainful activity (December 31, 2012, through December 31, 2013). (Tr. 24).

At step two, the ALJ determined that Kirk H. did not have an impairment or combination of impairments that significantly limited his ability to perform basic work activities between December 31, 2012, and December 31, 2013. (Tr. 26). Consequently, the ALJ found that Kirk H. had not been under a disability, as defined in the Social Security Act, from the alleged onset date through December 31, 2013. (Tr. 30).

*Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. **42 U.S.C. § 405(g)** ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); **Moore v. Colvin**, 743 F.3d 1118, 1120–21 (7th Cir. 2014); **Bates v. Colvin**, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported his decision with substantial evidence."). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to

support such a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see Bates*, 736 F.3d at 1098. A court must affirm an ALJ's decision if the ALJ supported his findings with substantial evidence and if there have been no errors of law. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted). Yet "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to individuals who can establish a "disability" under the Social Security Act. The claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." **42 U.S.C. § 423(d)(1)(A). "**Further, a claimant must show that the disability arose while he or she was insured for benefits." *Liskowitz v. Astrue*, 559 F.3d 736, 740 (7th Cir. 2009).

The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. **20 C.F.R. §§ 404.1520, 416.920.** The ALJ first considers whether the claimant is presently employed and "doing . . . substantial gainful activity." **20 C.F.R. §§ 404.1520(b), 416.920(b).** If he is, the claimant is not disabled, and the evaluation process is over. If he is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." **20 C.F.R. §§ 404.1520(c), 416.920(c)**; *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ

3

determines whether that severe impairment meets any of the impairments listed in the regulations. **20 C.F.R. § 401, pt. 404, subpt. P, app. 1.** If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. Yet if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of his past work. If, at this fourth step, the claimant can perform his past relevant work, he will be found not disabled. **20 C.F.R. §§ 404.1520(e), 416.920(e).** That said, if the claimant shows that his impairment is so severe that he cannot engage in his past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, considering his age, education, job experience, and functional capacity to work, is able to perform other work and that such work exists in the national economy. **42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f);** *see* **Biestek v. Berryhill,** 139 S. Ct. 1148 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying his opinion about job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Kirk H. has requested that the court remand this matter for additional proceedings. In his appeal, Kirk H. contends that the ALJ erred in his step-two analysis by finding that he did not have any severe medically determinable impairments that imposed significant limitations on his ability to perform work activities before December 31, 2013. In the same vein, Kirk H. argues that the ALJ erred in rendering his decision without having all the pertinent medical records to review.

1. **The ALJ's Step Two Analysis**

As noted above, the Commissioner utilizes a five-step sequential evaluation to determine

disability. **20 C.F.R. § 404.1520**. At the second step, an ALJ determines whether a claimant has a "severe" impairment. **20 C.F.R. § 404.1520(a)(4)(ii)**. An impairment is severe if it significantly limits the claimant's physical or mental ability to do basic work activities. **20 C.F.R. § 404.1521(a).** "An impairment or combination of impairments is found 'not severe' and a finding of 'not disabled' is made at this step when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered (i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities)." **SSR 85-28**. Examples of basic work activities include: (1) walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; (2) seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and (5) dealing with changes in a routine work setting. **20 C.F.R. § 404.1521(b)**. If an ALJ finds that the claimant is not disabled based on the above criteria, then the ALJ need not proceed to the remaining steps. *See* **20 C.F.R. § 404.1520(c)** ("If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled."); *see also* ***Young v. Sec'y of Health & Human Servs.***, 957 F.2d 386, 389 (7th Cir. 1992) ("A negative conclusion at any step (except for step three) precludes a finding of disability.").

According to the Supreme Court, the step-two severity determination is a "*de minimis*" inquiry. ***Bowen v. Yuckert***, 482 U.S. 137, 153-54 (1987). When any doubt exists, a step two

5

determination must be resolved in favor of the claimant. *Id.*; *see also* **Higgs v. Bowen**, 880 F.2d 860, 862 (6th Cir. 1988); **McCrea v. Comm'r of Soc. Sec.**, 370 F.3d 357, 360 (3d Cir. 2004) (stating that it is "the common-sense position that because step two is to be rarely utilized as basis for the denial of benefits ... [g]reat care should be exercised in applying the not severe impairment concept ... [because] its invocation is certain to raise a judicial eyebrow") (citations omitted). The Seventh Circuit has confirmed that severity is a *de minimis* standard. **Madrid v. Astrue**, 2011 WL 528810, at *2-4 (7th Cir. 2011) (remanding where ALJ found claimant's knee impairment non-severe at step two, despite evidence that it had more than a minimal effect on his ability to perform basic work activity); see also **O'Connor-Spinner v. Colvin**, 832 F.3d 690, 697-98 (7th Cir. 2016) (remanding where ALJ relied on non-examining State Agency opinions to find depression was not severe).

      Here, the ALJ found that Kirk H.'s alleged symptoms, along with the lack of medical records during the relevant period, did not meet even the *de minimis* standard for severity. In making this finding, the ALJ noted that Kirk H. provided no medical records corroborating his allegations before August 2014. (Tr. 29). The ALJ considered the treatment notes in the available medical record which predominantly showed that Kirk H.'s complaints of abdominal pain, paralysis, and blood in his stool persisted after December 31, 2013. (Tr. 29). The ALJ did not find the medical opinions of Dr. Pascuzzi, Dr. Vazquez, Dr. Sprehn, and Dr. Kitchener, (all attesting that Kirk H. was disabled and had been disabled for some time) persuasive because their evaluations occurred between 5-7 years after December 2013, and offered little insight to Kirk H.'s condition during the relevant period. (Tr. 27-28). Although the evidence showed that Kirk H.'s father purchased a mobility scooter for him in 2008, the ALJ found that there was no documentation proving that he used the scooter during the period at issue, and thus offered little

support. (Tr. 29). Ultimately the ALJ held that the record failed to illustrate that Kirk H. suffered from a severe physical impairment that resulted in significant limitations of function between December 2012 and December 2013. (Tr. 30).

The relevant question is whether there was substantial evidence to support the ALJ's opinion that Kirk H.'s impairments were only minimal during the relevant time. Contrary to the ALJ's determination, the court finds the available medical evidence and testimony support a reasonable inference that Kirk H.'s impairments were severe under the requisite *de minimis* inquiry.

Despite the lack of documented medical records prior to August 2014, there were several ancillary records indicating Kirk H. suffered severe symptoms related to his diagnosis of complex regional pain syndrome[2] during the period at issue. For example, the opinion from Dr. Kitchener (Kirk H.'s neurologist for several years starting in 1998), explained that she treated Kirk H. "on and off" between 1998 and 2013. (Tr. 2232). Dr. Kitchener reported that Kirk H. had "significant problems at that time" and believed he was "significantly disabled" due to complex regional pain syndrome. (Tr. 2232). In fact, Kirk H.'s symptoms were so severe at times that Dr. Kitchener had to make home visits to treat him. (Tr. 2232).

Unfortunately, according to Dr. Kitchener, the medical records detailing Kirk H.'s visits were no longer available because they were more than 10 years old. (Tr. 2232). The ALJ discounted Dr. Kitchener's opinion because it was vague and pointed to "no clinical documentation of any possible improvement, lack of improvement, periods of disability, periods of non-disability, specific limitations of function, etc." and was "not generally consistent with the other evidence of record." (Tr. 27). Yet Social Security Ruling 96–5p provides that "[b]ecause

---

[2] "Complex regional pain syndrome is an uncommon form of chronic pain that usually affects an arm or a leg.... The cause of complex regional pain syndrome isn't clearly understood." < https://www.mayoclinic.org/diseases-conditions/crps-complex-regional-pain-syndrome/symptoms-causes/syc-20371151>

treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make 'every reasonable effort' to recontact the source for clarification of the reasons for the opinion." **SSR 96-5p**, 1996 WL 374183, at *6. There is no question that the documented medical evidence here was minimal, through no fault of Kirk H., and nothing directly contradicted or undermined Dr. Kitchener's opinion. At the very least, the ALJ should have contacted Dr. Kitchener for clarification on her opinion before rejecting it.

Kirk H. also introduced evidence that his father bought him a mobility scooter in 2008. (Tr. 60). The ALJ held that there was no evidence that Kirk H. utilized the scooter from the alleged onset date through late 2014. (Tr. 29). Yet Kirk H. testified that he was having trouble walking and experienced debilitating pain during that time necessitating the use of the scooter. (Tr. 60, 66). Kirk H. testified that he stopped using the scooter between 2014-2016, not because his symptoms improved, but because he and his wife struggled to load it into their vehicle. (Tr. 61). Kirk H. used the mobility scooter throughout 2012-2013 and had used a wheelchair ever since. (Tr. 61).

"Although symptoms alone cannot be the basis for finding a medically determinable impairment, once the existence of a medically determinable impairment has been established, an individual's symptoms and the effect(s) of those symptoms on the individual's ability to function must be considered . . . in determining impairment severity . . . ." **SSR 03-2P**, 2003 WL 22399117, at *6. Instead, the ALJ entirely discredited Kirk H.'s testimony and found that it was not supported by evidence in the available medical record. However, as discussed above, the medical record during the relevant period was sparse. Since the step-two severity determination

is a *de minimis* inquiry, Kirk H.'s statements should have been given more weight. Absent contradicting evidence, Kirk H.'s testimony revealed that his impairments more than minimally effected his physical ability to perform basic work functions like walking, standing, or carrying objects, and met the requirement of a severe impairment.

The ALJ erred in his step-two analysis because there was enough evidence to suggest that Kirk H. satisfied the *de minimis* severe impairment requirement, warranting remand.

2. **Additional Medical Records**

Kirk H. asserts that the ALJ erred in rendering his decision before he had all the relevant medical records. Because remand is necessary on other grounds, the court need not address this issue. The ALJ will be able to address this argument on remand.

*Conclusion*

Based on the foregoing reasons, the decision of the Commissioner is **REMANDED** for further proceedings consistent with this Order.

ENTERED this 15th day of November, 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge